IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03065-MEH

ROCKY MOUNTY WILD, INC.,

    Plaintiff,

v.

UNITED STATES FOREST SERVICE, and
UNITED STATES DEPARTMENT OF AGRICULTURE,

    Defendants.

---

# ORDER
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Expedited Motion for Order Directing Plaintiff to Return or Destroy, and Refrain from Using or Further Disseminating, Inadvertently Produced Documents (ECF 34). The issue presented is whether, in this FOIA lawsuit in which production of documents under FOIA is being supervised by the Court, Defendant may, in essence, claw back several privileged documents it alleges were inadvertently produced.

    First, case law supports the legal proposition that, as with the Federal Rules of Civil Procedure, under FOIA the government may seek, and the Court may enter, an order requiring a receiving party to destroy or return copies of exempt documents inadvertently produced. *E.g.*, *Ecological Rights Found. v. Fed. Emergency Mgmt. Agency*, No. 15-cv-04068-DMR, 2017 WL 24859, *2 (N.D. Cal. Jan. 3, 2017) (citing cases) (relying on exercise of inherent court authority); *Eden Isle Marina, Inc. v. U.S.*, 89 Fed. Cl. 480, 507 (2009) (citing Fed. R. Evid. 502(b) for FOIA production). Many other cases assume such authority without analysis of the basis for the authority. *E.g.*, *Memphis Publ'g Auth. v. Fed. Bureau of Investigation*, 189 F. Supp. 2d 28 (D.D.C. 2012); *American Civil Liberties Union v. Dep't of Def.*, No. 09-civ-8071, 2012 WL

13075284, *5 (S.D.N. Y. Mar. 20, 2012) (finding authority in court-supervised FOIA production).

Second, I find the government has established the exempt nature of the documents in question (either based on privilege or confidential information). Although Plaintiff argues "the agency did not prepare a *Vaughn* index to determine whether the elements of any FOIA Exemption could be applied, and whether such Exemption had been waived," the Court is persuaded by case law cited by the government that it is not required to provide *Vaughn* indices with each document production. Reply 8-9. In fact, in this case, the Court and parties agreed to the submission of only one *Vaughn* index at the end of the production.1  Tr. 5:21 – 7:16, ECF No. 39.

Third, in virtually every case discussing this issue, courts require that the production of privileged or exempt documents be inadvertent, accompanied by reasonable steps to prevent disclosure. Based on my direct supervision of the production of documents here, as well as the government's good faith representations, I find that these requirements have been met. As noted by the government, it is seeking the return of several pages out of tens of thousands of pages produced in the past several months. The process the government describes for reviewing the documents under FOIA exemptions or for privilege is sufficient to meet its burden.

Fourth, I do not agree that the public dissemination of the exempt documents renders this issue moot. Of course, I cannot undo the public disclosure to date, but Plaintiff should engage in reasonable efforts to remediate the disclosure.

I do not believe the other arguments advanced by Plaintiff dictate a different result.

For these reasons, Defendant's Expedited Motion for Order Directing Plaintiff to Return or Destroy, and Refrain from Using or Further Disseminating, Inadvertently Produced Documents (filed June 13, 2019; ECF 34) is **granted** as follows. The Court directs Plaintiff to return, destroy,

---

1 The Court notes that the index discussed during the discovery conference was erroneously transcribed as a "bond" index. *See id.*

or permanently delete all copies of the document productions dated May 14, 2019 and June 27, 2019, using instead the redacted versions of the documents provided by Defendant. Plaintiff shall not further disseminate the documents that were inadvertently produced in the May 14, 2019 and June 27, 2019 productions and shall remove these documents from any online location(s) under Plaintiff's control. Moreover, Plaintiff shall not file, refer to, or use the inadvertently produced versions of the documents in this proceeding or any other proceeding before any tribunal or agency. Plaintiff shall confirm in writing to counsel for Defendants within five days of the issuance of this Order that it has returned, destroyed, or permanently deleted all copies of the document productions dated May 14, 2019 and June 27, 2019, which included the inadvertently produced documents, and that the inadvertently produced documents have been removed from any online locations under Plaintiff's control.

Dated and entered at Denver, Colorado this 12th day of July, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge